IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MOISES PEREZ and ALEJANDRO VELEZ-CESPON, on behalf of themselves and others similarly situated,<br><br>    **Plaintiffs,**<br><br>           **v.**<br><br>PRIME STEAK HOUSE RESTAURANT CORP. a/k/a PRIME STEAK RESTAURANT CORPORATION d/b/a RUTH'S CHRIS STEAK HOUSE P.R., *et al.*,<br><br>    **Defendants.** | **Civil No.** 12-1248 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") by defendant Prime Steak House Restaurant Corp. ("defendant PSHRC"). (Docket No. 19.) Having considered the arguments in the motion to dismiss, the opposition filed by plaintiffs Moises Perez ("plaintiff Perez") and Alejandro Velez-Cespon ("plaintiff Velez") (collectively, "plaintiffs"), (Docket No. 23), and defendant PSHRC's reply, (Docket No. 26), the Court **DENIES** the motion to dismiss for the reasons discussed below.

---

[1] Katherine Hedges, a second-year student at the University of New Hampshire School of Law, assisted in the preparation of this Opinion and Order.

## I.   BACKGROUND

### A.   Procedural History

On April 13, 2012, plaintiffs filed a complaint, seeking damages from defendant PSHRC and other unnamed defendants.  (Docket No. 1.)  In response to defendant PSHRC's first motion to dismiss, (Docket No. 10), plaintiffs filed an amended complaint on August 2, 2012.  (Docket No. 17.)  Plaintiffs assert claims, on behalf of themselves and other similarly situated persons,  that defendant PSHRC violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); Puerto Rico Law No. 180 of July 27, 1998, P.R. Laws Ann. tit. 29, § 250 *et seq.* ("Law 180"); and Puerto Rico Law No. 379 of May 15, 1948, P.R. Laws Ann. tit. 29, § 271 *et seq*. ("Law 379").  Id.

On September 4, 2012, defendant PSHRC filed a motion to dismiss pursuant to Rule 12(b)(6), claiming that plaintiffs failed to plead enough facts to establish a plausible FLSA claim or to sustain a collective action.  (Docket No. 19.)  On August 21, 2012, plaintiffs filed their opposition, contending that sufficient factual allegations had been pled.  (Docket No. 23.)  On October 2, 2012, defendant PSHRC replied, maintaining again that plaintiffs failed to include sufficient factual allegations in their complaint.  (Docket No. 26.)

**B.    Factual Background**

In their complaint, plaintiffs allege the following facts, which the Court accepts as true for the purpose of resolving defendant PSHRC's motion to dismiss:

Defendant PSHRC employed plaintiff Perez as a Runner and Server[2] until he resigned on August 30, 2011.[3]  Defendant PSHRC employed plaintiff Velez as a Server until he resigned on December 8, 2011.  (Docket No. 17 at p. 2.)  Plaintiffs were scheduled to work five days a week, and "the regular shifts were six (6) or seven (7) daily hours."  Id. at pp. 13-14.  Plaintiffs participated in a "tip pool"[4] while they were employed with defendant PSHRC. Id. at p. 3.

---

[2]  At the restaurant, the "Runner" is responsible for expediting service.  A Runner is responsible for arranging orders, taking them to the table, serving orders if the Server is unavailable, serving appetizers and desserts, preparing take-out orders, and helping with other preparation duties.  A "Server" is responsible for taking orders, serving food and beverages, requesting identification when alcoholic beverages are ordered, suggesting courses and wine, answering questions about food preparation, handling bills, and various other related duties. (Docket No. 17 at p. 5.)

[3]  The complaint omits the date when any of the plaintiffs began to work for defendant PSHRC.  (See Docket No. 17.)

[4]  A tip pool is a method for dividing tips among employees according to an agreement with the employer.  For example, waiters may put their tips into one fund at the end of the day, and money from that fund will be split among the waiters and busboys based on a predetermined percentage.  29 U.S.C. § 203(m) ("section 203(m)") requires that only employees "who customarily and regularly receive tips" can participate in the tip pool if the employer is taking a tip credit.  See 29 C.F.R. § 531.54.

Plaintiffs allege that defendant PSHRC "knowingly, intentionally and willfully" violated the FLSA in a number of ways. Id. at pp. 4-17. They claim that plaintiffs often worked more than eight hours a day and forty hours a week, but that defendant PSHRC failed to compensate them adequately pursuant to the FLSA. Id. Plaintiffs also allege that they spent two or three hours a day – outside of their scheduled shifts – preparing the restaurant to open and close. Id. They contend that those extra hours each day of work constituted overtime work, for which they were not adequately compensated. Id.

Defendant PSHRC utilized a "tip credit," which, pursuant to the FLSA, allows an employer to pay less than federal minimum wage by crediting an amount of the employee's actual tips towards the minimum wage requirements. Id. at p. 9. Plaintiffs allege that defendant PSHRC failed to provide employees with notice of the tip credit, as required under the FLSA. Id. at pp. 10-11. They also contend that defendant PSHRC violated the FLSA because it improperly retained some of the tips from the tip pool for "operation" costs. Id. at pp. 11-12 & 21. Plaintiffs also state that defendant PSHRC is not entitled to the tip credit because it took a credit in excess of fifty percent of the federal minimum wage, and they claim that defendant PSHRC violated the FLSA when it failed to include plaintiffs' total salaries, including tips, when calculating vacation and sick pay. Id. at pp. 5 & 12. Finally,

plaintiffs aver that these facts also support claims pursuant to Commonwealth of Puerto Rico laws.  Id. at pp. 15-17.

## II.  LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  The Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." Rodriguez-Reyes v. Molina-Rodriguez, No.12-1647, 2013 WL 1173679, at *2 (1st Cir. March 22, 2013)(quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2001)).  The Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Rodriguez-Reyes, 2013 WL 1173679, at *2 (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).

The factual material pled must be sufficient "to raise a right to relief above the speculative level," and to permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Supreme Court has held  that a plaintiff's pleading must cross "the line between possibility and plausibility." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 577 (2007).  "[A] prima facie case is not the appropriate benchmark for determining whether a complaint has

crossed the plausibility threshold." Rodriguez-Reyes, 2013 WL 1173679, at *1. Nevertheless, "[t]hose elements are part of the background against which a plausibility determination should be made." Id. at *4. A Court must draw "on its judicial experience and common sense" in evaluating the complaint's plausibility. Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012) (internal citation omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)(en banc).

## III. DISCUSSION

Defendant PSHRC argues that plaintiffs' complaint contains only legal conclusions and fails to provide sufficient factual allegations to support their contentions. (Docket No. 19 at p. 2.) Pursuant to Rule 12(b)(6), defendant PSHRC claims that plaintiffs cannot establish any theory of liability under the FLSA. First, defendant PSHRC contends that plaintiffs' complaint fails to state a claim because plaintiffs were adequately informed of the provisions of Section 203(m) of the FLSA. Id. at pp. 6-9. Second, defendant PSHRC argues that the FLSA permits employers to deduct costs from an employee's tips and that the complaint contains insufficient factual allegations to establish that defendant PSHRC wrongly withheld plaintiffs' tips. Id. at pp. 9-10. Third,

defendant PSHRC contends that it did not violate the FLSA when it took a tip credit above fifty percent of the wage.  Id. at p. 7. Fourth, defendant PSHRC points to plaintiffs' "contradictory" tallies of hours worked to argue that plaintiffs fail to allege a claim that they received no overtime pay.  Id.  at pp. 11-15. Fifth, in a footnote, defendant PSHRC argues that did not have to pay sick leave and vacation time based on the total salary plaintiffs earned because it is only required to calculate sick and vacation leave based on federal minimum wage.  (Docket No. 19 at p. 15, n. 15.)  Finally, defendant PSHRC claims that plaintiffs fail to allege enough facts to support a collective action designation.  Id. at pp. 15-20.  The Court addresses each argument in turn.

## A.    Failure to Inform Pursuant to Section 3(m) of the FLSA

Defendant PSHRC first argues that plaintiffs cannot establish that it violated section 203(m) of the FLSA because it complied with the notice requirement of the section.  (Docket No. 19 at pp. 6-8.)  Section 203(m) allows an employer to pay a tipped employee[5] at a reduced cash wage by permitting the employer to take a credit towards the federal minimum wage requirement if the employee's tips, combined with the cash wage, add up to minimum

---

[5] The FLSA defines a tipped employee as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C. § 203(t).

wage.  29 U.S.C. § 203(m)(2006).  The statute, however, forbids an

employer from taking the tip credit:

> unless such employee has been informed by the employer of
> the provisions of this subsection, and all tips received
> by such employee have been retained by the employee,
> except that this subsection shall not be construed to
> prohibit the pooling of tips among employees who
> customarily and regularly receive tips.

Id.  In its motion to dismiss, defendant PSHRC attached two

acknowledgments, which show plaintiff Perez and plaintiff Velez

signed a statement explaining that because they are "tipped

employees," the restaurant "takes a tip credit with regard to the

wages paid to [each plaintiff]."[6]  (Docket Nos. 19-1 & 19-2.)

Defendant PSHRC contends that this was sufficient to inform its

employees of the provisions of section 203(m) because it is only

required to notify the employee of its intent to take a tip credit.

(Docket No. 19 at pp. 7-8.)

Plaintiffs contend that defendant had a duty to inform

them of the actual statutory provisions, not simply of the

existence of the tip credit.  Plaintiffs' argument is that

---

[6] At the motion to dismiss stage, the Court normally would not consider attached documents of this type.  The Court only considers the factual allegations in the complaint and "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice."  Rodriguez-Reyes, 2013 WL 1173679, at *2 (quoting Haley v. City of Boston, 657 F.3d at 46).  The documents were submitted by defendant PSHRC, not the plaintiffs, so they cannot be considered incorporated by reference to the complaint.  The Court notes, however, that even if it considered these acknowledgment forms as incorporated into the complaint, the complaint would still survive the motion to dismiss.

section 203(m) requires employers to inform the employee of:  the amount of cash wage that is being paid to the employee; the amount the employer claims as a tip credit; that the tip credit cannot exceed the amount the tipped employee actually receives; that the employee must retain all tips, except for tip pools with customarily and regularly tipped employees; and, that the employer cannot take the tip credit unless the employee was informed of those provisions.  (Docket No. 23 at p. 4.)  Defendant PSHRC argues that these are "new notice requirements" from a recent amendment to the statute and that "the majority of the courts have held that an employer is simply required to inform its employees of its intention to treat tips as satisfying part of the employer's minimum wage obligations."  (Docket No. 26 at p. 4.)  Defendant PSHRC is correct that the requirements that plaintiffs list are included in an amendment to the statute, which went into effect on May 5, 2011.  The Court finds, however, that plaintiffs have made out a plausible claim of a failure to provide notice pursuant to section 203(m) under the previous version of the rule.

Contrary to defendant PSHRC's argument, a majority of courts require employers to provide their employees with more than mere notice of an intention to take a tip credit.  The First Circuit Court of Appeals, for example, held section 203(m) to "require at the very least notice to employees of the employer's intention to treat tips as satisfying part of the employer's

minimum wage obligations." <u>Martin v. Tango's Rest., Inc.,</u> 969 F.2d

1319, 1322 (1st Cir. 1992).  It also noted, however, that "[i]t

could easily be read to require more," but the First Circuit Court

of Appeals declined to explicitly enumerate such requirements.  <u>Id.</u>

The Sixth Circuit Court of Appeals found that employers are not

obligated to explain the details of section 203(m) because

informing employees requires something less than an explanation.

<u>Kilgore v. Outback Steakhouse of Florida, Inc.,</u> 160 F.3d 294, 298-

99 (6th Cir. 1998) (finding that the required notice was provided

when all employees had been given a file folder that included a

written "Outback Tip Policy," which stated the tip credit would be

taken against the employers minimum wage requirement and which

"also fully quoted subsection 3(m) of the FLSA, 29 U.S.C.

§ 203(m)").  Courts have also held that the recent amendment to the

rule "does not require employers to do anything other than what

they were already obligated to do under section 3(m), which is

'inform employees of the provisions of this subsection.'"[7]  <u>Nat'l.</u>

---

[7] Other courts have considered whether the new rule applies
retroactively as a clarification of existing law, and have declined
to apply the rule retroactively.  <u>See, e.g.,</u> <u>Dorsey v. TGT</u>
<u>Consulting, LLC,</u> 888 F.Supp.2d 670, 683-84 (D.D.C. 2012)(finding a
genuine issue of material fact at summary judgment when no written
notice had been provided and testimony from plaintiff and defendant
contradicted each other on whether oral notification took place).
The Court finds, however, that it is unnecessary to determine
whether the rule applies retroactively in this case because
plaintiffs have adequately made out a plausible claim under the
rule in place during their employment.

Civil No. 12-1248 (FAB)                                           11

Rest. Ass'n. v. Solis, 870 F.Supp.2d 42, 56 (D.D.C. 2012) (quoting 29 U.S.C. § 203(m)).

A reasonable inference can be made from the complaint that defendant PSHRC failed to provide the type of notice required by section 203(m) before the recent amendment. The complaint explicitly states that defendant PSHRC failed to inform them of the provisions of section 203(m). Defendant PSHRC does not argue that plaintiffs pled insufficient facts to support a claim, but instead argues that it was only required to *tell* plaintiffs it was taking a tip credit. Even if the Court considered the tip acknowledgment form defendant PSHRC submitted, the form makes no mention of minimum wage, and the statute requires, at a minimum, that the employer inform the employee of its intention to use the tip credit towards satisfying the federal minimum wage requirements. As the First Circuit Court of Appeals reasoned, to meet the statute's requirements, defendant PSHRC likely needed to provide additional information besides the mere existence of the tip credit in order to inform its employees of section 203(m)'s provisions. Thus, the Court finds that the plaintiffs' complaint contains a plausible claim that defendant PSHRC failed to provide adequate notice pursuant to section 203(m).

### B. Sharing of Tips with Non-Tipped Employees

Defendant PSHRC next argues that plaintiffs fail to plead sufficient factual allegations establishing that it improperly

retained its employees' tips, because employers are permitted "to deduct several costs from an employee's tips."[8] (Docket No. 19 at p. 9-10.) Plaintiffs contend that there is no indication that the tips defendant PSHRC retained were kept for permissible uses, and that it is the employer that has the burden of demonstrating a permissible use for the deduction. (Docket No. 23 at pp. 6-7.) An employer qualifies to take advantage of the tip credit only if "all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). Some courts have recognized permissible reasons for employers to retain some money from tips while still maintaining eligibility for the tip credit. See, e.g., Myers v. Cooper Cellar Corp., 192 F.3d 546, 553 (6th Cir. 1999) (finding that "an employer may subtract a sum from an employee's charged gratuity which reasonably compensates it for its outlays sustained in clearing that tip, without surrendering its section 203(m) partial set-off against minimum wages").

---

[8] Defendant PSHRC also argues that plaintiffs fail to allege enough facts to support a plausible claim that non-tipped employees other than the employer itself participated in the tip pool. (Docket No. 19 at p. 10.) Plaintiffs respond, however, by clarifying that they only allege defendant PSHRC impermissibly participated in the tip pool, and not that any others participated. (Docket No. 23 at p. 8.) Accordingly, the Court will not address defendant PSHRC's arguments regarding other, non-tipped employees.

The Court finds unavailing defendant PSHRC's contention that plaintiffs fail to plead sufficient facts "to support a reasonable inference as to whether or not the alleged deductions made by defendant with respect to plaintiffs were prohibited or allowable under the FLSA." (See Docket No. 19 at p. 10.) Plaintiffs pled that defendant PSHRC retained tips from the tip pool in violation of the FLSA, and it attached a document showing that some of the monies from the tip pool were being retained for "operation" costs which the defendant does not identify or explain. (Docket No. 17 at p. 21.) As a general rule, in order to qualify for the tip credit, non-tipped employees cannot participate in a tip pool. The restaurant itself certainly is not an employee. Thus, plaintiffs have alleged that a non-tipped employee participated in the tip pool, and defendant PSHRC is ineligible for the tip credit as a result. At the motion to dismiss stage, plaintiffs are not required to rebut defendant PSHRC's defense that the tips were retained for a permissible purpose. Viewing the factual allegations in the light most favorable to the plaintiff, a reasonable inference can be made that defendant PSHRC participated in the tip pool in violation of the FLSA.

Defendant PSHRC also argues that plaintiffs failed to allege enough facts to support a claim that it acted knowingly and willfully when it violated the FLSA tip credit requirements. (Docket No. 19 at p. 11.) The complaint does state, however, that

defendant PSHRC was aware of the FLSA requirements because it took advantage of the tip credit and the tip acknowledgment form additionally supports that contention.   (Docket No. 17 at p. 12; Docket No. 23 at pp. 8-9.)   Taking the factual allegations as true and in the light most favorable to plaintiffs, the Court finds that a reasonable inference can be made that defendant PSHRC was aware of the requirements of the FLSA and that it violated it willingly and knowingly.   Thus, plaintiffs' allegation that defendant PSHRC violated the FLSA by improperly retaining tips survives the motion to dismiss.

> **C.    Taking a Tip Credit in Excess of Fifty Percent of the Wage**

Plaintiffs additionally allege that defendant PSHRC impermissibly took more than fifty percent of the federal minimum wage in a tip credit.[9]   (Docket No. 17 at p. 12.)   Plaintiffs cite Martin and Kilgore in support of their position that defendant PSHRC took a tip credit in excess of what is allowable by statute. See Kilgore, 160 F.3d at 298 (quoting 29 U.S.C. § 203(m)(1994)'s provision that a tip credit can be taken of "an amount determined by the employer, but not by an amount in excess of . . . 50 percent of the applicable minimum wage rate after March 31, 1991"); Martin,

---

[9] In their complaint, plaintiffs detail each position for which defendant PSHRC took a tip credit and what the cash wage was. (Docket No. 17 at p. 14.)   It alleges that for each position, the tip credit defendant PSHRC took was larger than the cash wage, which they claim was a violation of the statute.   Id. at p. 12.

969 F.2d at 1322 (quoting 29 U.S.C. § 203(m)(1982)'s language that a tip credit can be taken "up to 'an amount determined by the employer but not . . . in excess of 40 per centum of the applicable minimum wage'"). Defendant PSHRC argues that the proper calculation of the maximum tip credit is not based on a percentage. It subtracts the minimum cash wage – $2.13 per hour – from the federal minimum wage – $7.25 per hour – to calculate the maximum tip credit – $5.12 per hour. (Docket No. 26 at p. 6.)

The FLSA limits the amount of tip credit an employer may rightfully take. See 29 U.S.C. § 203(m)(2006). An employer must pay the tipped employee a wage:

> equal to –
>
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

29 U.S.C. § 203(m)(2006). This means that when the federal minimum wage is $7.25 per hour and the minimum cash wage is $2.13 per hour, an employer can take a tip credit of up to $5.12 per hour. See Fast v. Applebees's Inter., Inc., 638 F.3d 872, 874-75 (8th Cir. 2011) (citing 29 U.S.C. § 203(m); 29 U.S.C. § 206(a)(1)). The cases on which plaintiffs rely quote earlier versions of section 203(m). During the period relevant to this complaint, the newer

version of the statute, which did not include percentage limitations on the tip credit, was effective. See 29 U.S.C. § 203(m) (2006). Viewing the factual allegations in the complaint in the light most favorable to plaintiffs, the complaint demonstrates that plaintiffs were all paid above the minimum cash wage and, therefore, no reasonable inference can be made that defendant PSHRC violated the tip credit limitation. Thus, the Court will not consider the claim of a FLSA violation based on the amount of tip credit taken.

D. **Payment for Overtime**

Next, defendant PSHRC argues that plaintiffs failed to allege facts sufficient to support a claim that it breached the FLSA when it neglected to pay plaintiffs adequately for overtime. (Docket No. 19 at pp. 11-15.) Defendant PSHRC contends that the facts pled in the complaint do not establish a *prima facie* case of a failure to properly compensate employees for overtime because: the factual allegations in the complaint contradict themselves and show that plaintiffs did not actually work overtime; plaintiffs did not specifically allege how many hours of overtime they worked; and the complaint lacks factual allegations to show defendant PSHRC was aware of the overtime hours plaintiffs worked. Id. Plaintiffs respond that what defendant PSHRC frames as "contradictory statements" establish that plaintiffs were scheduled to work fewer than forty hours a week but were actually required to work more,

for which they were not adequately compensated.  (Docket No. 23 at

p. 9.)  Based on the factual allegations in the complaint, the

Court agrees with plaintiffs and finds that a reasonable inference

can be made that plaintiffs worked overtime for which they were not

adequately compensated.

        The FLSA requires an employer to pay an employee for any

hours worked above forty hours a week at a rate of "time and a

half" of the employee's regular wage.  29 U.S.C. § 207(a)(1)(2006).

To show a violation of the FLSA's overtime requirements, plaintiffs

must "allege (1) that they were employed by [defendant PSHRC];

(2) that their work involved interstate activity; and (3) that they

performed work for which they were under-compensated."  See Pruell

v. Caritas Christi, 678 F.3d 10, 12 (1st Cir. 2012).  In Pruell,

the plaintiffs appealed the district court's dismissal of a FLSA

claim when plaintiffs only generally alleged the legal conclusion

that they "'regularly worked' over 40 hours a week and were not

compensated for such time."  Id.  The First Circuit Court of

Appeals found that a simple statement that plaintiffs worked more

than forty hours per week was inadequate to establish a FLSA claim

where no examples or estimates of unpaid time were given to

substantiate the claim, but that "some latitude has to be allowed

where a claim looks plausible based on what is known."  Id. at 14

(finding that plaintiffs should be allowed to file a second amended

complaint to provide additional information about how many unpaid hours they worked and what type of work they performed).

Here, plaintiffs allege in their complaint that they were regularly scheduled to work five days per week "and the regular shift was six (6) or seven (7) daily hours." (Docket No. 17 at p. 14.) Plaintiffs also state that the overtime hours they worked came from working "2 or 3 daily hours devoted to tasks related to preparing [d]efendant [PSHRC's] establishment before it opened its doors to its clients and related to the closing of the establishment." Id. at p. 4. These allegations go beyond the legal conclusion that plaintiffs regularly worked more than forty hours a week deemed insufficient in Pruell. Rather, plaintiffs' allegations provide both an estimate of the hours worked and a general idea of the type of work performed. Viewing the allegations in the light most favorable to plaintiffs, the Court draws a reasonable inference that in addition to the six or seven hours a day plaintiffs were scheduled to work, they worked an additional two or three hours each shift and that resulted in plaintiffs working over forty hours a week, for which they were not adequately compensated. A reasonable inference can also be made that defendant PSHRC was aware of plaintiffs' hours because as an employer, it was responsible for scheduling employees and would be aware that someone prepared the restaurant to open and close. Accordingly, plaintiffs' allegations survive the motion to dismiss.

### E.   Calculation of Sick and Vacation Leave Wage

In a footnote, defendant PSHRC also argues that it did not violate the FLSA by failing to include plaintiffs' total income, including tips, when calculating sick and vacation pay. (Docket No. 19 at p. 15, n. 15.)  Instead, it alleges that it is only required to calculate the paid time off based on the federal minimum wage.  Id.  In response, plaintiffs contend that, pursuant to Puerto Rico law, wages and tips have to be factored into the calculation of sick and vacation leave payments.  (Docket No. 23 at pp. 9-10.)

Federal law does not currently require paid sick or vacation leave.  See generally Family Medical Leave Act, 29 U.S.C. § 2612 (requiring unpaid leave in certain situations and not requiring employers to provide paid leave when they do not normally offer it).  The computation of sick and vacation pay is governed by arrangements between the employer and the employee and Commonwealth law.  See, e.g., Hernandez v. Sea-Land Service, Inc., 614 F.Supp. 675 (D.P.R. 1985) (evaluating excess sick leave payment in light of a collective bargaining agreement and Commonwealth law).  No plausible inference can be made, therefore, that defendant PSHRC violated the FLSA when it declined to include tip amounts above minimum wage in its calculations of sick and vacation pay, because federal law does not require paid time off.  Contrary to defendant PSHRC's argument, however, plaintiffs do bring their claims of

incorrect calculation of sick and vacation law pursuant to
Commonwealth law.  Because defendant PSHRC failed to address it in
their motion to dismiss, the claim for incorrect vacation and sick
leave pay may proceed pursuant to Commonwealth Law, but not
pursuant to the FLSA.

 **F.** **Class Certification**

  Finally, defendant PSHRC argues that plaintiffs fail to
plead sufficient facts to support a claim for class action
certification because plaintiffs do not show a common policy or
plan that violated the law, or that any other plaintiff would want
to join in the class action.  (Docket No. 19 at pp. 15-20.)
Plaintiffs respond by contending that because they listed other
similarly situated employees and explained how they were harmed,
plaintiffs pled sufficient factual allegations to designate a class
action.  (Docket No. 23 at pp. 10-12.)  Both parties frame their
arguments around the requirements for conditional class
certification under 29 U.S.C. § 216(b).  (See Docket Nos. 19 & 23.)
It is too soon, however, for the Court to address whether
plaintiffs have alleged sufficient factual allegations to warrant
conditional class certification under 29 U.S.C. § 216(b) because
plaintiffs have not presented the Court with a motion for class
notification.  Contrary to defendant PSHRC's argument, plaintiffs
are not required at the time the complaint is filed to file the

written consent to sue from other plaintiffs.[10] <u>Melendez Cintron</u>
<u>v. Hershey Puerto Rico, Inc.</u>, 363 F.Supp.2d 10, 17 (D.P.R. 2005).
The Court will address whether it is appropriate to send notices
once plaintiffs have moved for the potential class to be notified.
<u>Id.</u> (finding that plaintiffs should have requested authorization
from the Court before providing notice to potential class members.)
Thus, the Court will not consider these arguments at this time.

**IV.  CONCLUSION**

     For the reasons expressed above, the Court **DENIES** defendants'
motion to dismiss plaintiffs' FLSA claims, but will not consider
any theory of FLSA violation predicated on taking a tip credit in
excess of fifty percent of minimum wage or on miscalculation of
sick and vacation payments.

     **IT IS SO ORDERED.**

     San Juan, Puerto Rico, April 17, 2013.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE

---

     [10] The mechanism providing for class action certification under
29 U.S.C. § 216(b) requires plaintiffs to "opt-in" to the class
action, rather than "opt-out," as is required in class actions
brought pursuant to Federal Rule of Civil Procedure 23(b)(3).
<u>Melendez Cintron</u>, 363 F.Supp.2d at 14, n. 3.