IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MOISES PEREZ and ALEJANDRO VELEZ-CESPON, on behalf of themselves and others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>PRIME STEAK HOUSE RESTAURANT CORP. a/k/a PRIME STEAK RESTAURANT CORPORATION d/b/a RUTH'S CHRIS STEAK HOUSE P.R., *et al.*,<br><br>**Defendants**. | **Civil No.** 12-1248 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is the motion for conditional certification and court-authorized notices pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA") filed by plaintiffs Moises Perez ("plaintiff Perez") and Alejandro Velez-Cespon ("plaintiff Velez") (collectively, "plaintiffs"), (Docket No. 34). Having considered the arguments in the plaintiffs' motion, the response in opposition filed by defendant Prime Steak House Restaurant Corp. ("defendant PSHRC"), (Docket No. 39); plaintiffs' reply, (Docket No. 43); and plaintiffs' motion submitting consent to sue affidavits, (Docket Nos. 47 and 49); the Court **GRANTS** the plaintiffs' request for conditional certification.

## I.   BACKGROUND

Defendant PSHRC is a corporation doing business as Ruth's Chris Steak House Puerto Rico.  Plaintiffs were PSHRC's employees; plaintiff Perez worked as a Runner and Server[1] at Ruth's Chris Steak House at El San Juan Hotel, Carolina, Puerto Rico, until he resigned on August 30, 2011, and plaintiff Velez worked as a Server at the same restaurant until he resigned on December 8, 2011.[2]  On August 2, 2012 the plaintiffs filed their amended complaint — on behalf of themselves and other similarly situated persons — asserting claims that defendant PSHRC violated the FLSA, 29 U.S.C. §§ 201–219, by (1) paying all workers less than the minimum wage; (2) withholding tips from all service employees; (3) failing to inform workers about the tip-credit provisions of the FLSA; and (4) failing to pay overtime wages.  (Docket No. 17.)

On July 11, 2013, the plaintiffs moved to conditionally certify a proposed class of:

---

[1] At the restaurant, a "Runner" is responsible for expediting service.  A Runner is responsible for arranging orders, taking them to the table, serving orders if the Server is unavailable, serving appetizers and desserts, preparing take-out orders, and helping with other preparation duties.  A "Server" is responsible for taking orders, serving food and beverages, requesting identification when alcoholic beverages are ordered, suggesting courses and wine, answering questions about food preparation, handling bills, and various other related duties.  (Docket No. 17 at 5.)

[2] The complaint omits the date when either of the plaintiffs began to work for defendant PSHRC.  (See Docket No. 17.)

>     all present and former restaurant workers from Prime
>     Steak House Restaurant Corporation a/k/a Prime Steak
>     Restaurant Corporation d/b/a Ruth's Chris Steak House
>     P.R. ("Employer") from April 13, 2009 to the present who
>     worked overtime hours and/or who have participated in the
>     tip pool established by this Employer.

(Docket No. 34-1 at 1.)

The plaintiffs also seek court approval of their proposed notice to putative class members, as well as a court order compelling PSHRC "to produce within 10 days a list of all non-managerial, tipped employees who were employed at PSHRC in Puerto Rico at any point in the three years prior to the entry of the Complaint with the following information: name, last known mailing address, alternate address (if any), all known telephone numbers, Social Security number, and dates of employment." (Docket No. 34 at 12.)

## II. STANDARD

Pursuant to the FLSA, an employee may bring suit against an employer on his or her own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b).[3] Neither the Supreme Court nor the First Circuit Court of Appeals has addressed the exact contours of the concept of "similarly situated," and "other

---

[3] The FLSA provides its own right and mechanism for collective certification distinct from Fed. R. Civ. P. 23. While Rule 23 certification requires the uninterested to "opt out," the FLSA's section 216(b) requires that those interested in joining the putative class "opt in." Johnson v. VCG Holding Corp., 802 F. Supp. 2d 227, 232–33 (D. Me. 2011) (citing 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23).

Civil No. 12-1248 (FAB)                                                   4

Circuits have not drawn bright lines for determining whether employees are 'similarly situated.'" Prescott v. Prudential Ins. Co., 729 F. Supp. 2d 357, 362–63 (D. Me. 2010) (Hornby, J.). "The general practice of district courts within the First Circuit, [however,] has been to adopt a 'two-tiered' approach to certification of collective actions under the FLSA." Johnson, 802 F. Supp. 2d at 233 (citing decisions from the districts of Massachusetts, Rhode Island, and Puerto Rico that have followed the two-tiered approach).  In the first stage — known as the "notice stage," — "the Court relies upon the pleadings and any affidavits to determine, under a 'fairly lenient standard,' whether the putative class members 'were subject to a single, decision, policy, or plan that violated the law.'" O'Donnell v. Robert Half Int'l, Inc., 429 F. Supp. 2d 246, 249 (D. Mass. 2006) (citing Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001)).  At the second stage, which takes place after discovery, "a defendant may move for de-certification if the plaintiffs are shown not to be similarly situated." O'Donnell, 429 F. Supp. 2d at 249.

In this case, plaintiffs' motion falls within the first stage. Accordingly, the plaintiffs carry the burden of showing that the putative class is "similarly situated." Johnson, 802 F. Supp. 2d at 234 (citing Prescott, 729 F. Supp. 2d at 363–34 and Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008)). To accomplish their burden, the plaintiffs must make "a minimal

Civil No. 12-1248 (FAB)                                                 5

factual showing that (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." Johnson, 802 F. Supp. 2d at 234.  Because the plaintiffs have met their burden as to all three elements, the Court finds that conditional certification is warranted.

### III. DISCUSSION

#### A.   Existence of Aggrieved, Similarly Situated Employees

The plaintiffs have carried their burden, "light as it is at this stage," Johnson, 802 F. Supp. 2d at 235, of demonstrating a reasonable basis from which the Court can conclude that aggrieved individuals employed at the Ruth's Chris location at the El San Juan Hotel exist.  To determine whether the first prong is met, courts look to whether employees "have similar (not identical) job duties and pay provisions, . . . and are victims of a common policy or plan that violated the law."  Prescott, 729 F. Supp. 2d at 363—64.  Plaintiffs' amended complaint contains information concerning the respective duties and responsibilities of class members based on their employment titles as a runner, server, bartender, bar attendant, service assistant, host or hostess, and busboy.  (Docket No. 17 at 6—7.)  While certainly not identical, the positions all relate to the serving of food or drinks to

Civil No. 12-1248 (FAB)                                                        6

clients at the Ruth's Chris restaurant, and the plaintiffs plead that "[i]t is Defendant's policy (so are its employees' functions arranged) that all these employees work together as a team to better serve the clientele." Id. at 7.  Furthermore, income earned by each position relies partly on tips.  Id. at 6—7.  From Exhibit 2 to the amended complaint, it is reasonable to conclude that PSHRC had a policy of participating in the tip pool for "operations," which would violate section 203(m) of the FLSA.  Plaintiffs thus make a sufficient factual showing that supports the conclusion that employees at the Ruth's Chris restaurant at the El San Juan Hotel exist and are similarly situated in relevant respects.

       Plaintiffs seek certification of a class that includes all persons employed in any tipped position by PSHRC "at any Puerto Rico location," rather than only those current or former employees at plaintiffs' individual workplace at the El San Juan Hotel.  "For a class to extend beyond the named plaintiffs' own work location, [the plaintiffs] must demonstrate that 'employees outside of the work location for which the employee has provided evidence' were similarly affected by the employer's policies." Travers v. JetBlue Airways Corp., 2010 U.S. Dist. LEXIS 103419, 2010 WL 3835029, at *2 (D. Mass. 2010) (quoting Horne v. United Servs. Auto. Ass'n., 279 F. Supp. 2d 1231, 1235 (D. Ala. 2003).  Although a plaintiff need not "demonstrate the existence of similarly situated persons at every location in the proposed class, they must demonstrate that

Civil No. 12-1248 (FAB)                                                  7

there existed at least one similarly situated person at a facility other than their own." Johnson, 802 F. Supp. 2d at 236 (internal quotations and citations omitted).  Plaintiffs' amended complaint and supporting affidavits are entirely devoid of evidence sufficient to meet this standard.  At this stage, there is simply no evidence in the record from which the Court can conclude that PSHRC's policies are company-wide and that employees at any other of its Puerto Rico locations are subject to the same general practices. See Trezvant v. Fid. Emplr. Servs. Corp., 434 F. Supp. 2d 40, 51 (D. Mass. 2006) (concluding that plaintiff employees "failed to show that [the employer's] policies . . . are company-wide . . . [where] the affidavits were all from employees that worked in the company's New Hampshire office [and n]one of the [e]mployees submitting affidavits purported to know the policies of other branches of the company").  Accordingly, the evidence submitted does not support any conditional certification at PSHRC locations outside of the Ruth's Chris restaurant at the El San Juan Hotel.

   **B. Similarly Situated Employees' Interest in Joining The Suit**

   Plaintiffs have demonstrated that such similarly situated employees are indeed interested in joining the suit.  Before granting conditional certification, many courts require the identification of other similarly situated employees who are interested in joining the putative class. Johnson, 802 F. Supp. 2d

Civil No. 12-1248 (FAB)                                                     8

at 237.  The Court joins district courts within the First Circuit, as well as numerous other district courts and the Eleventh Court of Appeals, in holding that a plaintiff must demonstrate that similarly situated employees are truly interested in joining the suit before the Court may grant conditional certification.  Id. (citing eleven cases).  As a district court in Minnesota has explained:

> a plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit.  And, if those other, similarly situated persons were to decline to opt in to the case, no purposes would have been served by "certifying" a collective-action "class" — the case ultimately would involve no one other than the plaintiff.  Furthermore, if an FLSA plaintiff were required to show only that other potential plaintiffs exist (rather than showing that those potential plaintiffs would actually seek to join the lawsuit), it would "render preliminary class certification automatic, as long as the Complaint contains the magic words: 'Other employees similarly situated.'"

Civil No. 12-1248 (FAB)                                                9

Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) (citing Smith v. Sovereign Bancorp, Inc., 2003 U.S. Dist. LEXIS 21010, 2003 WL 22701017 at *2 (E.D. Pa. 2003)).[4]

In their amended complaint, the plaintiffs identify eighteen servers, five runners, four bartenders, nine busboys, and two hosts and hostesses who they claim either were or are currently included in the tip pool required by defendant PSHRC.  (Docket No. 17 at 7—8.)  They stop short in their amended complaint and their motions of stating or otherwise offering evidence that those similarly situated employees have any interest in joining the suit.  On August 10, 2013, however, plaintiffs submitted two motions which include consent to sue affidavits signed by eleven of those employees.[5]  Thus, evidence indicates that similarly situated

---

[4] This requirement may implicate "a potential for a 'chicken and egg' problem[] in that '[r]equiring an FLSA plaintiff who does not know the identities of the members of the proposed class to provide information about class members' desire to opt in could require the plaintiff to produce the very information that [he or] she sought to obtain through conditional certification and notice.'"  Johnson, 802 F. Supp. 2d at 238 (citing Detho v. Bilal, 2008 U.S. Dist. LEXIS 57133, 2008 WL 2962821 at *3 (S.D. Tex. 2008); see also Wise v. Patriot Resorts Corp., 2006 U.S. Dist. LEXIS 97992, 2006 WL 6110885 at *1 (D. Mass 2006) ("[I]t is unrealistic to expect a party to consider whether to 'opt-in' to a collective action before that party is aware of the pendency of the action.").  Just as other courts have reasoned, however, the first stage's "light burden[,] combined with any preliminary discovery a Court might allow, should be sufficient to alleviate such concerns."  Johnson, 802 F. Supp. 2d at 238 (citing Detho, 2008 U.S. Dist. LEXIS 5733, 2008 WL 2962821 at *1).

[5] Ten of the first names listed in Docket No. 17 at page 21 match the names on the consent to sue affidavits in Docket Nos. 47 and 49.

employees are indeed interested in joining the suit, and plaintiffs have met their burden under all three elements. Accordingly, conditional certification is warranted for the following class: All present and former restaurant workers from Prime Steak House Restaurant Corporation a/k/a Prime Steak Restaurant Corporation d/b/a Ruth's Chris Steak House P.R. ("Employer")'s El San Juan Hotel, Carolina, Puerto Rico location from April 13, 2009 to the present who worked overtime hours and/or who have participated in the tip pool established by this Employer.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** plaintiffs' motion for conditional certification pursuant to section 216(b) of the FLSA, (Docket No. 34). Defendant PSHRC is **ORDERED** to provide, within ten (10) days of the date of this Order, the name and last known mailing address(es) of the putative class members to the plaintiffs. The Court **DENIES** plaintiffs' request that defendant PSHRC disclose telephone and Social Security numbers at this time.[6] Further, in light of the numerous objections defendants have to the

---

[6] Because the defendant's employees "clearly have substantial privacy concerns associated with their social security numbers," the Court finds that plaintiffs must establish a need for Social Security and telephone numbers before that information may be turned over. See Byard v. Verizon West Virginia, Inc., 287 F.R.D. 365, 376-77 (N.D.W.Va. 2012). "The return of the notice as undeliverable may establish such a need," id. at 376, but "[c]ourts generally release social security numbers only after notification via first class mail proves insufficient." Bredbenner v. Liberty Travel, Inc., 2009 WL 2391279, at *3 n.3 (D.N.J. 2009).

Civil No. 12-1248 (FAB)                                                      11

proposed notice submitted by plaintiffs, the Court directs the parties to confer about the form and the content of the notice to be sent to potential opt-in plaintiffs and file a stipulated notice on CM/ECF **no later than August 26, 2013**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 12, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge